IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF OKLAHOMA



FILED

DEC 17 1998

ROBERT D. DENNIS, CLERK
U.S. DIST. COURT, WESTERN DIST. OF OKLA.
BY _____ DEPUTY

DONALD DUANE KING, )
)
      Petitioner, )
)
vs. ) Case No. CIV-97-666-A
)
JAMES SAFFLE, )
)
      Respondent. )

**DOCKETED**

<u>REPORT AND RECOMMENDATION</u>

Petitioner, a state prisoner appearing <u>pro se</u>, brings this action pursuant to 28 U.S.C. §2254, seeking a writ of habeas corpus. A response has been filed, and Petitioner has filed a traverse, placing the matter at issue. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B). For the reasons set forth herein, it is recommended that the petition be denied.

Petitioner challenges his conviction of two counts of first degree rape, three counts of indecent or lewd acts with a child under sixteen, two counts of forcible oral sodomy, and one count of making indecent or lewd proposals to a child under sixteen, all after former conviction of a felony, and for which he was sentenced to a total of 450 years imprisonment.[1] Case No. 90-2067, District Court of Oklahoma County, Oklahoma. In this action Petitioner

---

[1] The Oklahoma Court of Criminal Appeals (OCCA) reversed Petitioner's conviction on one count of incest, finding a violation of double jeopardy. Response, Ex. C. Because the Court ordered a combination of concurrent and consecutive sentences, it appears from the record that Petitioner's total sentence was 450 years rather than 1225 years as stated by Respondent.



alleges that 1) he was deprived of due process because the trial court refused to grant a hearing on his claim of newly discovered evidence; 2) the record contains evidence that he was not guilty of rape; and 3) he received ineffective assistance of trial counsel because his attorney "failed to make the proper object[ion]s at trial."

Respondent contends that because the Oklahoma Court of Criminal Appeals (OCCA) applied a state procedural rule (i.e. Rule 5.2, Rules of the Court of Criminal Appeals,) to bar review of these same grounds presented in a post-conviction proceeding, these claims have been procedurally defaulted, and Petitioner is not entitled to federal habeas review.

I. Procedural History/Default

Petitioner, represented by court appointed counsel, filed a timely direct appeal raising the following grounds as error:  1) admission of evidence based on unconstitutional statute; 2) denial of demurrer to certain counts; 3) wrongfully charged and convicted of forcible oral sodomy; and 4) insufficient evidence of rape and oral sodomy. Response, Ex. A, Petitioner's Brief on Appeal. His convictions were affirmed by summary opinion by the Oklahoma Court of Criminal Appeals with the exception of the incest count which was reversed and remanded for dismissal. Id., Ex. C, OCCA Summary Opinion.  Thereafter, Petitioner filed an application for post-conviction relief which raised the following issues: 1) the trial court erred in denying Petitioner's request for a copy of the trial transcript for purposes of his post-conviction action; 2) there was

evidence in the trial record that Petitioner was not guilty of rape; 3) trial and appellate counsel were ineffective; 4) the sentences were excessive; and 5) new evidence exists which would require dismissal of two counts of the conviction. Id., Ex. E, Petitioner's Petition in Error and Brief. The state district court denied the application by order dated November 5, 1995. Id., Ex. D. The appeal was dismissed by the OCCA's order of January 16, 1996, based on the Court's finding that the petition in error was not filed within the time allowed by Rule 5.2(C), Rules of the Court of Criminal Appeals, 22 O.S. Supp. 1995, Ch. 18, App. Id., Ex. F. Petitioner's motion to reconsider was likewise dismissed as improper under Rule 5.4, Rules of the Court of Criminal Appeals, 22 O. S. Supp. 1995, App. Id., Ex. G.

Thus, contrary to Respondent's contention, the procedural history of this case shows that Petitioner did in fact raise an insufficiency of the evidence claim on direct appeal with respect to his convictions of first degree rape, and that claim was addressed on the merits by the OCCA. Therefore, Petitioner's claim in Ground Two that the evidence was insufficient to support his convictions of first degree rape will be addressed on the merits. However, the record shows that Petitioner's claims in Grounds One and Three were procedurally barred by the state appellate court based on Petitioner's failure to file a timely appeal of the denial of his post-conviction application.

Under the procedural default doctrine, this Court may not address Petitioner's federal habeas claims which were defaulted by

the state court on independent and adequate state procedural grounds "unless [Petitioner] can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 749-50 (1991); Hickman v. Spears, __F.3d__, 1998 WL 767447 (10th Cir. Oct. 27, 1998). "A state procedural ground is independent if it relies on state law, rather than federal law, as the basis for the decision." English v. Cody, 146 F.3d 1257, 1259 (10th Cir. 1998). For the state ground to be adequate, it must be "'strictly or regularly followed'" and "applied 'evenhandedly to all similar claims.'" Duvall v. Reynolds, 139 F.3d 768, 797 (10th Cir.), cert. denied, 119 S.Ct. 345 (1998)(quoting Hathorn v. Lovorn, 457 U.S. 255, 263 (1982)).

In this case the OCCA's procedural bar of this claim was clearly an independent state ground because it was the only basis for the Court's decision of dismissing the appeal. Furthermore, the Tenth Circuit has determined that the Oklahoma appellate court's procedural rule set forth in Rule 5.2(C), though not "'firmly established' in a technical sense under Oklahoma case law," is "adequate." See Duvall, 139 F.3d at 797(petitioner seeking to appeal denial of post-conviction relief failed to provide petition in error and underlying district court order, as required by Rule 5.2(C); rule clearly required compliance with such procedures and the need for the appellate court to determine how district court addressed petitioner's claim was firmly established

4

in appellate review procedures). See also Duvall v. State, 869 P.2d 332, 334 (Okla. Crim. App. 1994)(failure to file petition in error in accordance with Rule 5.2 (C)(2) of Rules of Court of Criminal Appeals divests appellate court of jurisdiction). Thus, the application of Rule 5.2 by the state court in this instance is also "adequate."

With respect to Petitioner's ineffective assistance of counsel claim, Oklahoma's procedural default doctrine was, until recently, considered "inadequate" when applied to ineffective assistance of trial counsel claims raised for the first time in an application for post-conviction relief. See Brecheen v. Reynolds, 41 F.3d 1343, 1364 (10th Cir. 1994), cert. denied, 515 U.S. 1135 (1995). However, in English v. Cody, supra, the Tenth Circuit concluded that the OCCA's reliance on its procedural default doctrine to bar post-conviction review of ineffective assistance of trial counsel claims will preclude federal habeas review of the same claims where trial and appellate counsel differ and the ineffectiveness claim can be resolved upon the trial record alone. English, 146 F.3d at 1264. In the instant case, Petitioner's trial counsel did not represent him on appeal. Additionally, Petitioner's ineffectiveness claim in Ground Three is based on counsel's alleged failure to make "proper" objections at trial. Petitioner has failed to provide specific facts to support his claim; however, in his post-conviction proceeding, his ineffectiveness claim included, inter alia, an argument that counsel failed to object when the victim testified that Petitioner had not raped her and the trial

5

court allegedly "yell[ed] perjury and [told] the witness she [was] dismissed." Response, Ex. E, Petition in Error at 5. Certainly, Petitioner's ineffective assistance of counsel claim based on this allegation could have been resolved on the trial record without additional factfinding. English, 146 F.3d at 1264; Hickman, 1998 WL 767447 at *2. Under these principles, federal habeas review of Petitioner's claims in Grounds One and Three, raised for the first time in Petitioner's application for post-conviction relief, is barred unless he can show cause and prejudice or a fundamental miscarriage of justice. Coleman v. Thompson, 501 U.S. at 750; Gilbert v. Scott, 941 F.2d 1065, 1967 (10th Cir. 1991).

In order to establish cause, Petitioner must show "'some objective factor external to the defense [that] impeded counsel's efforts to comply with the State's procedural rule.'". Demarest v. Price, 130 F.3d 922, 941 (10th Cir. 1997)(quoting Murray v. Carrier, 477 U.S. 478, 488 (1986)). In order to demonstrate prejudice Petitioner must show "that he suffered actual prejudice as a result of the alleged violation of federal law. Id.

As cause for his procedural default Petitioner argues that his appeal of the denial of his post-conviction application should have been considered timely because he gave the petition in error to the prison mailroom within the required time frame. However, Petitioner relies on federal law in support of this claim. See Houston v. Lack, 487 U.S. 266, 276 (1988)(holding under Fed.R.App.P. 4(a)(1) notices of appeal by pro se prisoners to be considered filed at the time of delivery to prison authorities).

The OCCA has held that there is no "mailbox" rule which applies to appeals in state criminal matters. See <u>Hunnicutt v. State</u>, 952 P.2d 988 (Okla. Crim. App. 1997); <u>Banks v. State</u>, 953 P.2d 344 (Okla. Crim. App. 1998). Thus, the "mailbox rule" does not apply to Petitioner's circumstances, and Petitioner has failed to allege that anything external to him prevented him from filing his appeal timely. Because Petitioner has failed to establish cause for his default, the issue of prejudice need not be addressed. <u>Steele v. Young</u>, 11 F.3d 1518, 1522 n.7 (10th Cir. 1993).

Therefore, Petitioner may obtain review of his constitutional claims only if he can show that failure to consider them would result in a fundamental miscarriage of justice. <u>Schlup v. Delo</u>, 513 U.S. 298, 315 (1995). To come within this very narrow exception to the procedural default rule, Petitioner must show constitutional error "'probably' resulted in the conviction of one who was actually innocent." <u>Sellers v. Ward</u>, 135 F.3d 1333, 1338 (10th Cir. 1998)(quoting <u>Schlup</u>, 513 U.S. at 327); see also <u>Klein v. Neal</u>, 45 F.3d 1395, 1400 (10th Cir. 1995)(The fundamental miscarriage of justice "inquiry must focus on actual or factual innocence, as opposed to legal innocence."). Petitioner claims that he is actually innocent of the two rape convictions based on the fact that the victim testified at trial that there had been no penetration. The basis of this newly discovered evidence claim is that the victim "can again come forth and confirm her testimony that the petitioner is not guilty of rape." However, he fails to substantiate his conclusory claim with any evidence to support a

showing of factual innocence. Moreover, as discussed below, the record of Petitioner's trial shows that there was sufficient evidence to support his convictions of first degree rape. Thus, the undersigned finds that Petitioner has failed to demonstrate actual innocence and thus, habeas review of Petitioner's claims in Grounds One and Three is procedurally barred.

II. Issue Raised on Direct Appeal - Sufficiency of the Evidence

Petitioner was convicted of two counts of raping his daughter, A.K., who was nine years old at the time of Petitioner's arrest. In Ground 3 Petitioner alleges without supporting argument that the trial transcript contains evidence that he was not guilty of "the rape." Liberally construing his claim, he appears to contend that the evidence was insufficient to establish penetration, an essential element of first degree rape.[2] Although Petitioner characterizes his claim as disputing the sufficiency of the evidence, he is in fact "tak[ing] issue with the jury's determinations and the weight it afforded the conflicting evidence presented." See Sacoman v. Williams, No. 97-2148, 1998 WL 109845 (10th Cir. March 12, 1998).[3]

Because the OCCA resolved the merits of the issues presented herein, habeas relief cannot be awarded with respect to

---

[2] On direct appeal Petitioner asserted that "the only evidence offered at trial as to penetration was the hearsay testimony of the social worker," Ranelle Eakins. Response, Ex. A at 29. In his post-conviction application, he further argued that "[t]he victim at trial testified that there was never penetration as in intercourse." Response, Ex. E at 4.

[3] Unpublished disposition cited as persuasive authority pursuant to Tenth Circuit Rule 36.3.

8

Petitioner's claim in Ground Two unless the adjudication of this claim resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court. 28 U.S.C. §2254(d). As noted by the Tenth Circuit in Houchin v. Zavaras, 107 F.3d 1465, 1470 (10th Cir. 1997), under the provisions of the AEDPA the "deference to be paid by the federal court to the state court's factual findings and legal determinations" has been increased.

Thus, under prevailing federal law, the state appellate court's judgment provides the starting point for federal habeas review of the petition. However, because the OCCA issued a summary opinion in Petitioner's direct appeal, the appellate court's rationale for its decision and any factual determinations made by that court are unavailable. The issues must therefore be resolved by determining whether the state court's decision is consistent with relevant Supreme Court jurisprudence.

The standard for review of an insufficiency of the evidence claim was set forth by the Supreme Court in Jackson v. Virginia, 443 U.S. 307 (1979). In that case, the Court held that the relevant question in considering such a claim, "is whether, after viewing the evident in the light most favorable to the prosecution, any rational trier of the fact could have found the essential elements of the crime beyond a reasonable doubt." Id. at 329; see also Romero v. Tansy, 46 F.3d 1024, 1033 (10th Cir.), cert. denied, 515 U.S. 1148 (1995). This standard gives the trier of fact full responsibility to resolve conflicts in the testimony, to weigh the

evidence and to draw reasonable inferences from basic facts to ultimate facts. Jackson, 443 U.S. at 319. This Circuit has held that in applying this standard, the Court may not weigh conflicting evidence or consider the credibility of witnesses. Messer v. Roberts, 74 F.3d 1009, 1013 (10th Cir. 1996). Rather, the Court must "accept the jury's resolution of the evidence as long as it is within the bounds of reason." Id.

A review of the sufficiency of the evidence is based on the state law which defines the substantive elements of the crime. Jackson, 443 U.S. at 324 n.16. At the time of Petitioner's offense the essential elements of first degree rape against him under Oklahoma law were as follows: (1) sexual intercourse[4]; (2) with a person (3) not the spouse of the defendant; (4) under the age of sixteen. Okla. Stat. tit. 21, §1111 (Supp. 1984); see OUJI-CR, 1st, No. 479; Crisp v. State, 667 P.2d 472, 473 (Okla. Crim. App. 1983). Additionally, under Oklahoma law, any sexual penetration, however slight, is sufficient to complete the crime of rape. Okla. Stat. tit. 21, §1113 (1981); see Vigil v. State, 666 P.2d 1293 (Okla. Crim. App. 1983).

As asserted by Petitioner, the trial record reveals that A.K. was reluctant to testify against her father, whom she had not seen since his arrest several months earlier, and when the questioning focused on the acts relating to the rape charges, A.K. denied that

---

[4] At the time of the Petitioner's offense Oklahoma law defined sexual intercourse as the actual contact of the sexual organs of a man and a woman, and an actual penetration into the body of the latter. Oklahoma Uniform Jury Instructions-Criminal, 1st ed. (OUJI-CR, 1st), No. 480.

10

penetration had occurred. Trial Transcript (Tr.) 155-159. However, as set forth below, a review of the entire record reveals that despite A.K.'s unwillingness to testify against her father at trial, there was other evidence sufficient to support his conviction for rape.[5]

At trial, Officer Melvin Fisher testified that on April 4, 1990, Petitioner, on his own initiative, went to the Valley Brook police station and asked to talk with a police officer. He began telling Officer Fisher that he was having marital problems and voluntarily informed Fisher that he "was having sex with his daughter," and wanted to turn himself in and get on with his life. Tr. 194. Fisher immediately stopped the conversation and advised Petitioner that he should not say anything further until he had been informed of his rights, as required by Miranda v. Arizona, 384 U.S. 436 (1966).[6] Id.

Ranelle Eakins, the social services worker who interviewed

---

[5] In response to this Court's order Respondent supplemented the record by providing the videotaped interviews of Petitioner and the child victim, both of which were admitted into evidence at the trial as State's Exhibits Nos. 3 and 4. On direct appeal the OCCA found A.K.'s videotaped statement (Ex. No. 4) was improperly admitted into evidence but that the error was harmless. Therefore, the undersigned did not consider that evidence in reviewing Petitioner's sufficiency of the evidence claim.

[6] Prior to the admission of Officer Fisher's testimony regarding Petitioner's statements, a Jackson v. Denno, 378 U.S. 368 (1964), hearing was held on Petitioner's motion to suppress. Tr. 12-20. Therein it was established that Petitioner was not "in custody," for Miranda purposes, during his initial visit to the police station and that his confession was voluntary. Tr. 79-83. The in camera hearing also established that Petitioner's statements made during two subsequent interviews, one of which was videotaped, and wherein he denied penetration, were voluntarily given following a valid waiver of his Miranda rights and thus admissible. Tr. 80-82; State's Exhibit No. 3.

A.K. on March 27, 1990, testified as to statements made by A.K. during the interview.[7] Using anatomically correct dolls, A.K. demonstrated during the interview how she and her father bathed together and washed each other's body parts, including genital areas. Tr. 182-83. When asked whether anyone had touched her private parts, A.K. replied "dad did this" and, using the dolls, she attempted to demonstrate how Petitioner placed his penis into her vagina.[8] Tr. 184. When asked whether anyone had put their

---

[7] A.K.'s statements as testified to by Eakins were admitted following an in camera hearing conducted pursuant to the requirements in Okla. Stat. tit. 12, §2803.1 (Supp. 1990), wherein the trial court ruled that such statements were admissible following a finding that the time, content and circumstances of the statements made by A.K. to the social worker provided sufficient indicia of reliability, that A.K. would testify at trial, and that Petitioner had received the required statutory notice. Tr. 55-70, 78-79.
   At time of Petitioner's trial (September 17-19, 1990), Okla. Stat. tit. 12, § 2803.1 (Supp. 1990) provided:
 A. A statement made by a child twelve (12) years of age or younger, which describes any act of physical abuse against the child or any act of sexual contact performed with or on the child by another, is admissible in criminal and juvenile proceedings in the courts in this state if:
  1. The court finds, in a hearing conducted outside the presence of the jury, that the time, content and circumstances of the statement provide sufficient indicia of reliability; and
  2. The child either:
  a. testifies at the proceedings, or
  b. is unavailable as defined in Title 12 as a witness. When the child is unavailable as defined in Title 12 as a witness, such statement may be admitted only if there is corroborative evidence of the act.
 B. A statement may not be admitted under this section unless the proponent of the statement makes known to the adverse party his intention to offer the statement and the particulars of the statement at least ten (10) days in advance of the proceedings to provide the adverse party with an opportunity to prepare to answer the statement.

[8] Eakins testified that A.K. placed the female doll, which A.K. had previously undressed, on her stomach on top of the dolls' clothing, referring to the clothing as pillows, "with the buttocks up into the air." Tr. 184. Then she "took the male doll, put it behind the female doll and then she very deliberately took the male's penis in her fingers and tried to put it inside the vaginal opening of the female doll." Id.

penis inside her private parts, A.K. stated "he one time put it all the way in and the once part way in," while putting her own finger inside the female doll's vagina. Tr. 184-85. A.K. then provided specific details as to the two separate incidents.[9] Dr. Mary Woods, the physician who had examined A.K., testified that A.K.'s hymen was severely damaged and the hymen remnants were thickened and scarred. Tr. 166. Additionally, she testified that A.K.'s vaginal blood vessels were abnormal, indicating irritation and significant penetration. Tr. 167. She concluded A.K.'s physical examination was consistent with sexual abuse. Tr. 169.

As previously stated, this Court may not weigh conflicting evidence or consider the credibility of witnesses. Messer, 74 F.3d at 1013. Although other evidence in this case may have contradicted or undermined the above evidence, the undersigned finds that, viewed in the light most favorable to the prosecution, a rational trier of fact could have found Petitioner guilty of two counts of first degree rape. Therefore, in view of the facts presented to the jury and reviewed on direct appeal, the OCCA's determination that the evidence was sufficient to support the first degree rape convictions is not contrary to, nor an unreasonable application of the holding in Jackson v. Virginia, supra. Accordingly, the undersigned finds that Petitioner is not entitled to relief on this claim.

---

[9] A.K. stated that Petitioner had inserted his penis "halfway in" during the first incident, which took place in his bedroom, and that he had inserted his penis "all the way in" during the second incident, which took place in her bedroom. Tr. 185-86.

RECOMMENDATION

For the reasons discussed herein, it is the recommendation of the undersigned Magistrate Judge that the petition for a writ of habeas corpus be denied. Petitioner is advised that any objection to this Report and Recommendation must be filed by the __1st__ day of __January__, 1999, in accordance with 28 U.S.C. §636 and LCvR 72.1. Petitioner is further advised that failure to make timely objection to this Report and Recommendation waives any right to appellate review of both factual and legal issues contained herein. Moore v. United States, 950 F.2d 656 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

ENTERED this __17__ day of __December__, 1998.

BANA ROBERTS
UNITED STATES MAGISTRATE JUDGE